IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40803
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN LENCH TRIVEDI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-91-1
--------------------
March 12, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

Darren Lench Trivedi (Trivedi) appeals from his conviction
and sentence for attempted illegal reentry following deportation
in violation of 8 U.S.C. § 1326.  He argues the indictment is
defective because it failed to allege he had the specific intent
to attempt reentry into this country without authorization from
the Attorney General.  Trivedi also argues that, pursuant to
Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the
indictment was defective because it did not allege his prior
felony conviction and because it did not allege the timing of his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior conviction, namely that it occurred before his last deportation.

The indictment in this case not only tracked the language of 8 U.S.C. § 1326 but also charged Trivedi with "knowingly" and "unlawfully" attempting to reenter the United States.  Trivedi's claim being first raised in this appeal and not in the district court, we construe the language of the indictment with "maximum liberality" and because the indictment included the words "knowingly" and "unlawfully," we conclude the indictment sufficiently charged the essential elements of the offense of attempted illegal reentry under § 1326.  Cf. United States v. Guzman-Ocampo, 236 F.3d 233, 236-39 (5th Cir. 2000).

Trivedi next argues that in light of Apprendi, 120 S. Ct. at 2362-63, his prior felony conviction was an element of the offense under § 1326(b)(2), and not merely a sentence enhancement.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), but states that he is preserving it for possible Supreme Court review because the Supreme Court indicated in Apprendi that Almendarez-Torres may have been wrongly decided.  Because the Supreme Court has not overruled Almendarez-Torres, this court is compelled to follow it.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied,* 2001 U.S. Lexis 1889 (U.S. Feb. 26, 2001) (No. 00-8299).  Trivedi's argument that the indictment must allege that his prior felony conviction occurred before his last deportation is also without merit.  Trivedi has not explained why an indictment that, under Almendarez-Torres, need

not allege the defendant's prior conviction at all is deficient for omitting the details of that prior conviction.

AFFIRMED.